**Electronically Filed
Intermediate Court of Appeals
29283
30-MAR-2011
07:52 AM**

NO. 29283

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GEORGE SALAMACK, Plaintiff/Cross-Defendant-Appellee,
v.
ERIKO SALAMACK, Defendant/Cross-Plaintiff-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 06-1-0007)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Defendant/Cross-Plaintiff-Appellant Eriko Salamack
(Eriko) appeals from the Divorce Judgment entered on July 9, 2008
in the Family Court of the Second Circuit[1] (family court). The
Divorce Judgment dissolved Eriko's marriage to Plaintiff/ Cross-
Defendant-Appellee George Salamack (George).

Eriko's points on appeal[2] focus on decisions of the
family court impacting the division of property.[3] Inasmuch as
several of the thirteen points Eriko raises are subsets of
related overarching issues, we address the subsets under the

---

[1] The Honorable Keith E. Tanaka presided.

[2] Eriko's counsel is cautioned that every point of error must have a
record reference.

[3] Custody and visitation issues had been settled prior to trial.

related issue of which they are a part. Eriko contends the following:

(1) The family court erred in its April 4, 2007 Order Re Hearing for Contempt and Rule 37 Sanctions (Contempt/Sanctions Order) when it

(a) authorized Hawai'i Family Court Rules (HFCR) Rule 37(b)(2) sanctions for Eriko's failure to advance litigation fees and expenses ordered by the court pursuant to Hawaii Revised Statutes (HRS) § 580-9 (2006 Repl.);

(b) imposed HFCR Rule 37 sanctions against Eriko by finding civil contempt without clear and convincing evidence; and

(c) awarded George attorney's fees and costs to conduct discovery pursuant to the October 6, 2006 "Order Re Motion for Advancement of Fees and Costs (Filed July 7, 2006)"; the May 1, 2007 "Order Awarding Attorney's Fees and Costs to Plaintiff"; and the February 11, 2008 "Order Awarding Attorney's Fees and Costs to Plaintiff" because Eriko had complied with George's discovery request.

(2) The family court abused its discretion when it precluded Eriko's rebuttal witness from testifying pursuant to the HFCR Rule 37(b)(2)(B) sanctions, essentially imposing dismissal sanctions and denying her constitutional right to a fair trial.

(3) The family court abused its discretion regarding the appraisal of the Rainbow International Montessori School (Rainbow School) Tokyo property (Rainbow Tokyo property) when the court:

(a) failed to consider Eriko's past asset and debt statements, which were in evidence and showed the Rainbow Tokyo property had a net value of zero;

(b) admitted the Rainbow Tokyo property appraisal report where there was insufficient evidence to derive the appraised value because the appraiser's methods were unscientific and inaccurate;

2

(c)   admitted the appraisal report into evidence where no foundation had been laid for the English summary and the report contained only a partial English translation; and

(d)   admitted the appraisal report into evidence when it was prejudicial because it was a valuation of property no longer owned by Rainbow School and the only evidence that should have been considered was Eriko's asset and debt statements showing a value of zero.

(4)   The family court erred in finding in Finding of Fact (FOF) 154 that there was no credible evidence to substantiate loans from Kouichi Kotani (Kotani) and Mari Morimura (Morimura) or the obligation of Eriko and George (the parties) to repay the alleged loans.

(5)   The family court failed to consider Eriko's parents' testimonies that money they gave the parties was intended as a gift, to be returned upon divorce; failed to make any findings regarding alleged loans and donative intent; and failed to consider Japanese custom, and thus, FOF 152 is clearly erroneous.

(6)   The family court abused its discretion in allowing Eriko's father's gift for the purchase of the Maui residence to be subject to equitable distribution because the warranty deed showed the property titled solely under Eriko's name.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Eriko's points of error as follows:

**(1)   HFCR Rule 37 Sanctions for HRS § 580-9 Violation**

The family court did not err in its Contempt/Sanctions Order when it authorized HFCR Rule 37(b)(2) sanctions for Eriko's failure to advance litigation fees ordered under HRS § 580-9. Without citing to any applicable authority, Eriko maintains that because the October 6, 2006 "Order Re Motion for Advancement of

3

Fees and Costs (Filed July 7, 2006)" (Advancement of Fees and Costs Order) was made pursuant to HRS § 580-9,[4] rather than under an HFCR Rule 37(a) discovery order, non-compliance with the order cannot be sanctioned under HFCR Rule 37(b).

It is a "well settled principle that violation of a court order or injunction may always be addressed as civil contempt of court." LeMay v. Leander, 92 Hawai'i 614, 623, 994 P.2d 546, 555 (2000); see also Black's Law Dictionary 360 (9th ed. 2009) (Civil contempt is "[t]he failure to obey a court order that was issued for another party's benefit.").

HFCR Rule 37(b)(2) specifically provides that a court may impose sanctions when a party fails to comply with an order entered under HFCR Rule 26(f). Pursuant to HFCR Rule 26(f), the family court may enter an order for matters such as "the allocation of expenses, as are necessary for the proper management of discovery." The family court allocated expenses of discovery as provided under HFCR Rule 26(f) when it ordered Eriko to advance fees and costs pursuant to HRS § 580-9 and properly sanctioned her under HFCR 37(b) for non-compliance. The family court, in its discretion, had the power to impose sanctions, regardless of whether the violation was in response to an order under HRS § 580-9 or under HFCR Rule 37(a).

The family court did not err in imposing HFCR Rule 37 sanctions, even though it did not make a specific, written finding that Eriko "did not diligently attempt to comply in a reasonable manner by clear and convincing evidence." Our courts

---

[4]  HRS § 580-9 provides:

§580-9  **Temporary support, etc.**  After the filing of a complaint for divorce or separation the court may make such orders relative to the personal liberty and support of either spouse pending the complaint as the court may deem fair and reasonable and may enforce the orders by summary process. The court may also compel either spouse to advance reasonable amounts for the compensation of witnesses and other expenses of the trial, including attorney's fees, to be incurred by the other spouse and may from time to time amend and revise the orders.

(Emphases added.)

apply the following test to determine a successful claim of civil contempt: "[A] movant must establish that: (1) the order with which the contemnor failed to comply is clear and unambiguous; (2) the proof of non-compliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawai'i 149, 160, 73 P.3d 687, 698 (2003) (quoting LeMay, 92 Hawai'i at 625, 994 P.2d at 557). Additionally, "a court must find, based on evidence, that defendant not only refused to pay but also that [defendant] has the ability to make the ordered payments." In re Adam, 105 Hawai'i 507, 519, 100 P.3d 77, 89 (App. 2004).

The family court held two evidentiary hearings and found that Eriko failed to comply with the Advancement of Fees and Costs Order, had the present ability to comply with the order, and was engaging in "contumacious conduct." Evidence produced was sufficient to show that the family court based its findings on clear and convincing evidence and did not err when it found Eriko in civil contempt. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks and citation omitted).

The family court did not err in awarding George attorney's fees and costs to conduct discovery pursuant to the Advancement of Fees and Costs Order; the May 1, 2007 Attorney's Fees Order; and the February 11, 2008 Attorney's Fees Order when it found that Eriko did not comply with George's discovery request. Eriko fails to make any argument regarding the May 1, 2007 Attorney's Fees Order and the February 11, 2008 Attorney's Fees Order. "Points not argued may be deemed waived," and therefore, we do not address them. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7). Her argument regarding her

compliance with the Advancement of Fees and Costs Order was made and addressed earlier in this section.

### (2) Preclusion of Eriko's Rebuttal Witness and Exhibit

The family court did not abuse its discretion when it precluded Eriko's rebuttal witness from testifying pursuant to the Contempt/Sanctions Order. The family court ordered that Eriko "shall not be allowed to support or oppose at trial [George's] presentation regarding [the two Japanese corporations]" and she "is prohibited from introducing any evidence respecting . . . valuation or income [regarding the corporations]."

"Within the bounds of its discretion, the circuit court has the flexibility to fashion an appropriate sanction based on the facts of the case." Stender v. Vincent, 92 Hawai'i 355, 365, 992 P.2d 50, 60 (2000). Although the family court has "the power to level the ultimate sanction of dismissal," Weinberg v. Dickson-Weinberg, 123 Hawai'i 68, 75, 229 P.3d 1133, 1140 (2010) (quoting Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 507, 880 P.2d 169, 182 (1994)), "the sanction chosen must be commensurate with the offense. . . . A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." Weinberg, 123 Hawai'i at 75-76, 229 P.3d at 1140-41 (emphases omitted) (quoting Weinberg v. Dickson-Weinberg, 121 Hawai'i 401, 437, 220 P.3d 264, 300 (App. 2009)).

In spite of the sanctions that were imposed, the family court gave Eriko numerous opportunities to provide evidence to support her testimony regarding the valuation of the Rainbow Tokyo property. She chose not to provide any documentation.

Furthermore, precluding her expert witness was not comparable to a dismissal sanction. See W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 361, 802

P.2d 1203, 1207 (1990) (holding that the lower court abused its discretion in imposing sanctions when defendants' failure to abide by deadlines was inadvertent and sanctions precluded defendant from offering any evidence in the case). The instant case is distinguishable because the striking of one expert witness does not have the same harsh result as striking the entire body of evidence in a case. See also Glover v. Grace Pac. Corp., 86 Hawai'i 154, 164, 948 P.2d 575, 585 (App. 1997) (holding that Glover's failure to produce relevant evidence of economic loss by the discovery cutoff date was not equivalent to a dismissal of Glover's suit and, therefore, the court's sanction to preclude him from submitting the documents was not an abuse of discretion).

Aside from HFCR 37(b) sanctions that appropriately precluded Eriko from providing certain testimony, the testimony was precluded due to her failure to comply with the deadlines provided in Pretrial Order No. 1 filed March 28, 2008 because she waited until June 16, 2008 (three days before trial), to submit her Motion to Add Expert Witness and Exhibit for Rebuttal.

In light of the evidence in the record, we hold that the family court did not abuse its discretion in precluding Eriko's rebuttal expert witness's testimony and evidence. The sanction was commensurate with the offense, as she showed "[a] deliberate and contumacious disregard of the court's authority" as well as "bad faith, willful disregard or gross indifference to an order of the court." Weinberg, 123 Hawai'i at 76, 229 P.3d at 1141.

### (3) Appraisal Report

The family court did not abuse its discretion in admitting the appraisal report of the Rainbow Tokyo property, which was a vacant lot and the major asset of Rainbow School.

Eriko contends the family court should have relied on her past asset and debt statements, which showed the Rainbow Tokyo property had a net value of zero. The family court found

7

her trial testimony regarding the sale of the Rainbow Tokyo property to not be credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher, 111 Hawai'i at 46, 137 P.3d at 360 (internal quotation marks and citation omitted).

Alternatively, Eriko contends there was insufficient evidence to derive the appraised value of the Rainbow Tokyo property, alleging that the appraiser used an unscientific method and deviated too much from the governmental land value standards. Noboru Ochi was certified as an expert in real estate appraisal and testified extensively as to the methodology he used to create the appraisal report. The family court did not abuse its discretion when it found that Mr. Ochi's testimony was credible and the value was reasonable. Again, "[g]enerally, the credibility of witnesses and the weight to be given their testimony are within the province of the trial court and, generally, will not be disturbed on appeal." Bank of Hawaii v. Kunimoto, 91 Hawai'i 372, 390-91, 984 P.2d 1198, 1216-17 (1999).

Eriko incorrectly cites to Hawaii Rules of Evidence (HRE) Rule 1006 to support her contention that the underlying document must be translated into English. Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a . . . summary . . . . The originals . . . shall be made available for examination[.]" This rule regarding voluminous records does not apply to the question of the need to translate documents. Additionally, even if it did apply, the evidence and the appraisal meet the rule's requirements. The appraisal and an English translation in the form of a summary of the appraisal were admitted into evidence. Eriko and her counsel are both fluent in Japanese, so the document was "available for examination." Furthermore, the family court allowed Eriko to conduct at length voir dire and

8

cross-examination of Mr. Ochi, in spite of the sanction that could be enforced to preclude Eriko from "oppos[ing] at trial [George's] presentation regarding:  (a) the value of [Rainbow]."

Eriko contends the appraisal value of the Rainbow Tokyo property was inapplicable to computing the value of Rainbow School because Rainbow School no longer owned the property. Eriko makes this argument in spite of the fact that she had sold the property in contravention of a restraining order.  Eriko points to no authority to support her contention that the appraisal value of the Rainbow Tokyo property, sold in violation of a court order, cannot be included in the valuation of Rainbow School.

### (4)   Alleged loans from Kotani and Morimura

Eriko's contention that FOF 154 was clearly erroneous because the family court found no evidence to substantiate the alleged loans from Kotani and Morimura is without merit.  The family court determined that "[n]o credible evidence was presented to substantiate such a loan."  As previously stated, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher, 111 Hawai'i at 46, 137 P.3d at 360 (internal quotation marks and citation omitted).  FOF 154 is not erroneous.

### (5)   Donative Intent

Eriko's contention that the alleged gift from her parents to assist in the purchase of the Maui residential property was given with the expectation that the money would be paid back to her parents upon divorce "under Japanese custom" is also without merit.  Eriko's father and mother testified at trial, giving conflicting testimony regarding the expectation of repayment.  Once again, "it is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and [the appellate court] will refrain from interfering in those determinations. LeMay, 92 Hawai'i at 626,

994 P.2d at 558. In light of the evidence in the record, we hold that the family court considered the testimony of Eriko's parents and did not abuse its discretion in concluding that "there [was] no legal obligation by [Eriko] or the parties for repayment of any sums to [Eriko's] parents." FOF 152 is not erroneous.

Eriko contends that her father's money was a gift made to her alone based on the fact that the warranty deed is in her name only. Although it appears she is suggesting that the entire property is hers because of the warranty deed and would fall under separate marital property, she did not make that argument at trial. We do not consider Eriko's contention because "[a]s a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]" Chung v. McCabe Hamilton & Renny Co., 109 Hawai'i 520, 537, 128 P.3d 833, 850 (2006) (internal quotation marks and citation omitted).

**(6) Miscellaneous.**

Any other points, issues, and arguments raised by Eriko are without merit, waived, or disregarded for failure to comply with HRAP Rule 28(b).

Therefore,

IT IS HEREBY ORDERED that the Divorce Judgment entered on July 9, 2008 in the Family Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 30, 2011.

On the briefs:

Junsuke Otsuka
(Otsuka & Associates)
for Defendant/Cross-
Plaintiff-Appellant.

Robert M. Harris and
Edward R. Lebb and
Paula S. Nakata
(Law Offices of Edward R. Lebb)
for Plaintiff/Cross-
Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

10